FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 19 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        **Plaintiff**

        v.

DYNASTY VI FOOD CORP.; DYNASTY
MEAT CORP.; and 50-18 MEAT CORP.; all
d/b/a FOOD DYNASTY and/or KEY FOOD
SUPERMARKET,

        **Defendants.**
-----------------------------------------------------------x

CIVIL ACTION NO.

**09 3584**

COMPLAINT

JURY TRIAL DEMAND

DEARIE. J

MANN. M.J.

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of to correct unlawful practices on the basis of sex, female, and to provide appropriate relief to Nataliya Goines and a class of similarly situated applicants who were affected by such unlawful practices. As alleged with greater particularity below, Defendants Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp., each d/b/a/ Food Dynasty and/or Key Food Supermarket (collectively "Defendants") are doing business as a single integrated employer. Defendants discriminated against Ms. Goines and a class of similarly situated female applicants by segregating job assignments on the basis of sex and therefore refusing to hire Ms. Goines and a class of similarly situated applicants on the basis of their sex. Defendant also unlawfully failed to make, keep and preserve records relevant to the determination of whether unlawful employment practices are being committed.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) and -6. ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("the Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this section by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Defendant Dynasty VI Food Corp., a New York corporation, has continuously been doing business in the State of New York, the City of New York and the county of Queens, and has continuously had at least 15 employees.

5. At all relevant times, Dynasty VI Food Corp. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

6. At all relevant times, Defendant Dynasty Meat Corp., a New York corporation, has continuously been doing business in the State of New York, the City of New York and the county of Queens, and has continuously had at least 15 employees.

7. At all relevant times, Dynasty Meat Corp. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

8. At all relevant times, Defendant 50-18 Meat Corp., a New York corporation, has continuously been doing business in the State of New York, the City of New York and the county of Queens, and has continuously had at least 15 employees.

9. At all relevant times, 50-18 Meat Corp. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

10. At all relevant times, Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. have constituted an integrated enterprise.

11. At all relevant times, Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. have been part of the Key Food cooperative.

12. At all relevant times, Dynasty VI Food Corp. has been doing business as a Key Food supermarket, operating a supermarket at 60-16 Myrtle Avenue, Ridgewood, Queens, New York.

14. At all relevant times, Dynasty VI Food Corp. has also been doing business as Food Dynasty.

15. At all relevant times, Dynasty Meat Corp. has been doing business as a Key Food supermarket, operating a supermarket at 46-02 Queens Boulevard, Sunnyside, Queens, New York.

16. At all relevant times, Dynasty Meat Corp. has also been doing business as Food Dynasty.

17. At all relevant times, 50-18 Meat Corp. has been doing business as a Food Dynasty supermarket, operating a supermarket at 50-18 Skillman Avenue, Woodside, Queens, New York.

18. At all relevant times, Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. have been owned by Ahmad Zahriyeh and Mufeed Siad.

19. At all relevant times, Ahmad Zahriyeh and Mufeed Siad were the sole shareholders for Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp.

20. At all relevant times, Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. have shared a corporate office at 50-18 Skillman Avenue, Woodside, Queens, New York.

21. At all relevant times, the main office for Dynasty VI Food Corp. has been 50-18 Skillman Avenue, Woodside, Queens, New York.

22. At all relevant times, the main office for Dynasty Meat Corp. has been 50-18 Skillman Avenue, Woodside, Queens, New York.

23. At all relevant times, the main office for 50-18 Meat Corp. has been 50-18 Skillman Avenue, Woodside, Queens, New York.

24. At all relevant times, Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. maintained all of their personnel records at their office located at 50-18 Skillman Avenue, Woodside, Queens, New York.

25. At all relevant times, Katy Kaloudis was employed by Defendants "to oversee the day-to-day management of the supermarkets" owned by Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp.

26. At all relevant times, the employment and personnel policies for Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. were "set by the store managers and/or Katy Kaloudis."

27. At all relevant times, none of the supermarkets owned by Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. had its own human resources department; instead, "[a]ll related issues and questions generally go to the store managers and/or Katy Kaloudis."

28. At all relevant times, Defendants' office for Katy Kaloudis was located at 50-18 Skillman Avenue, Woodside, Queens, New York.

29. At all relevant times, the "Employees' Information" form used by Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. for hired employees states "Food Dynasty" at the top.

30. At all relevant times, the fax machine identification for the supermarket owned by Dynasty VI Food Corp. identifies the store as "Food Dynasty."

31. At all relevant times, the fax machine identification for the supermarket owned by 50-18 Meat Corp. identifies the store as "Food Dynasty."

32. At all relevant times, the fax machine identification for the main office for Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. identifies the office as "Food Dynasty."

33. At all relevant times, Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. used the same job application form.

34. At all relevant times, the job application form used by Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp. stated "Food Dynasty" on the top.

35. During the time period from at least January 1, 2006 to the present, at least 15 employees have worked at more than one of the supermarkets owned by Dynasty VI Food Corp., Dynasty Meat Corp., and 50-18 Meat Corp.

## STATEMENT OF CLAIMS

36. More than thirty days prior to the institution of this lawsuit, Nataliya Goines filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

37. Since at least 2006, Defendants have engaged in unlawful employment practices at each of their supermarkets, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), as detailed below:

   a. Since at least January 1, 2006, Defendants have engaged in a pattern or practice of unlawfully segregating job assignments in their supermarkets and failing to hire women on the basis of their sex;

   b. Since at least January 1, 2006, Defendants have employed no female employees in the Grocery, Produce, Dairy, Bakery and Frozen departments in their supermarkets;

   c. Since at least January 1, 2006, Defendants have employed substantially more male employees than female employees in positions in the Deli departments in their supermarkets, with men comprising over 90% of the employees in Defendants' Deli departments;

   d. Since at least January 1, 2006, Defendants have primarily assigned female employees to the position of cashier in their supermarkets, and over 90% of Defendants' female employees are and were employed as cashiers;

6

e. Since at least January 1, 2006, Defendants have engaged in a pattern or practice of refusing to hire applicants for available positions because of their sex, female;

f. On or about April, 2006, Ms. Goines applied for a position at Defendants' supermarket located at 60-16 Myrtle Avenue, Ridgewood, Queens, New York;

g. Defendants told Ms. Goines that they did not have any cashier positions available;

h. Ms. Goines asked if there were any stocker positions available;

i. Defendants refused to consider Ms. Goines for other available positions due to her sex, female;

j. Defendants twice told Ms. Goines that it was company policy not to hire "girls" for a stocker position;

k. Defendants refused to hire Ms. Goines because of her sex, female.

38. The effect of the practices complained of above have been to deprive Ms. Goines and a class of similarly situated female applicants of equal employment opportunities and otherwise adversely affect their status as applicants, because of their sex.

39. Since at least January 1, 2006, Defendants have failed, in violation of Section 709(c) of Title VII, 42 U.S.C. §2000e-8, to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed, as follows:

a. Since at least January 1, 2006, Defendants have followed a policy and practice of destroying or discarding all applications for individuals they have hired "after processing the paperwork for payroll" and destroying or discarding, within approximately 4 months, the applications for individuals they have not hired;

b. Since at least January 1, 2006, Defendants have failed to preserve application forms submitted by applicants, and other records having to do with hiring, for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later;

40. The unlawful employment practices complained of above were and are intentional.

41. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of Nataliya Goines and a class of similarly situated female applicants.

## PRAYER FOR RELIEF

THEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex.

B. Order Defendants to institute and carry out carry out policies, practices and programs that provide equal employment opportunities for women and that eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Ms. Goines and a class of similarly situated female applicants, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to frontpay, rightful-place hiring, and assignment or reassignment to appropriate job positions without regard to sex.

D.  Order Defendants to make whole Ms. Goines and a class of similarly situated female applicants, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined a trial.

E.  Order Defendants to make whole Ms. Goines and a class of similarly situated female applicants, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, embarrassment, inconvenience, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.  Order Defendants to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

G.  Order Defendants to pay Ms. Goines and a class of similarly situated applicants punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public

interest.

    I.    Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:    New York, New York

        Respectfully submitted,

        James Lee
        Deputy General Counsel

        Gwendolyn Reams
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        131 M Street, N.E.
        Washington, D.C. 20507

        _/s/ Elizabeth Grossman_
        Elizabeth Grossman
        Regional Attorney
        e-mail: elizabeth.grossman@eeoc.gov

        _/s/ Judy Keenan by EM_
        Judy Keenan
        Supervisory Trial Attorney
        e-mail: judy.keenan@eeoc.gov

        _/s/ Michael J. O'Brien_
        Michael J. O'Brien
        Senior Trial Attorney
        New York District Office
        33 Whitehall Street, 5th Floor
        New York, NY 10004
        tel:    (212) 336-3694
        fax:    (212) 336-3623
        e-mail: michael.obrien@eeoc.gov